The Honorable Clyde D. Graeber State Representative, Forty-First District State Capitol, Room 115-S Topeka, Kansas 66612
Dear Representative Graeber:
You request our opinion regarding language in the commercial and industrial machinery and equipment classification provision of article 11, section 1 of the Kansas constitution. Specifically you inquire whether the phrase "and as long as such property is being used" constitutes an exemption for commercial and industrial machinery and equipment that is not being used.
Section 1(a), class 2(5) of article 11 provides as follows:
 "Class 2 shall consist of tangible personal property. Such tangible personal property shall be further classified into six subclasses, shall be defined by law for the purpose of subclassification and assessed uniformly as to subclass at the following percentages of value:
. . . .
 "(5) Commercial and industrial machinery and equipment which, if its economic life is seven years or more, shall be valued at its retail cost when new less seven-year straight-line depreciation, or which, if its economic life is less than seven years, shall be valued at its retail cost when new less straight-line depreciation over its economic life, except that, the value so obtained for such property, notwithstanding its economic life and as long as such property is being used, shall not be less than 20% of the retail cost when new of such property ..................... 25%"
(Emphasis added).
K.S.A. 79-1439, as amended after the passage of this constitutional provision, contains identical language. There are no statutory definitions or other statutory provisions illuminating the meaning of the phrase in question. Neither has it been the subject of any reported appellate cases in this state.
The language was a part of the original classification amendment (L. 1985, ch. 364, sec. 1), but was added on the floor of the senate during final action on the concurrent resolution (Journal of the Senate, p. 702-706, April 13, 1985, final action on HCR 5018) and therefore there is no recorded discussion of the provision. Further, the language does not appear to have been drawn from any of the other classification proposals considered that session. See Note, Kansas Property Classification and Reappraisal: The 1986 Constitutional Amendment and Statutory Modifications, 29 W.L.J. 26, 38-42 (1989), and footnote 56 for references and Journal citations to the other concurrent resolutions under consideration. Nor was it taken from the recommendations of the Kansas tax review commission, the entity created by Governor Carlin in 1983 to study and recommend changes in the state's tax structure. Kansas Tax Review Comm'n, Interim Report and Recommendations: The Kansas Property Tax (Feb. 1985); Kansas Tax Review Comm'n, Final Report and Recommendations (June 1985). While there was some discussion in the senate committee about use of accelerated depreciation rather than depreciating over the economic life of the property but still keeping the property on the tax rolls, the language dealing with the continued use of the property was not included in the resolution at that time. See
Minutes, Senate Committee on Assessment and Taxation, April 9, 1985.
In our opinion, the provision in question is susceptible to at least two different interpretations: 1) Generally the depreciated value of commercial and industrial machinery and equipment will never be less than 20% of retail cost when new so long as the property is being used, but that 20% residual tax value does not apply if the property is not being used, thus allowing use of a residual tax value less than 20% of retail cost when new when the property is not being used; or 2) if the property is not being used, it is no longer considered commercial and industrial machinery and equipment and therefore would fall under class (6), all tangible personal property not otherwise specifically classified, to be assessed at the rate of 30% of its fair market value, rather than valued under the straight-line depreciation method of class (5) and taxed at the rate of 25%, and thus may end up being valued at less than 20% of its retail cost when new. In our opinion, either interpretation is reasonable. We note the absence of any legislative history evidencing a preference for one interpretation over the other. We find nothing that would suggest that the property is somehow completely exempt from taxation merely because it is not being used. See Director of Taxationv. Kansas Krude Oil Reclaiming Co.; 236 Kan. 450, 457 (1984) (tax exemptions by implication not favored).
While there are no statutory or judicial interpretations of the phrase "as long as such property is being used," the director of property valuation has interpreted the phrase in accordance with the second of our aforementioned options. See Director Cunningham's memorandum to Senator Langworthy dated February 16, 1994. The director of property valuation is charged with administering and overseeing enforcement of the property tax statutes. K.S.A. 1993 Supp. 79-1404; State ex rel. Stephan v. KansasDept. of Revenue, 253 Kan. 412, 418 (1993). As the official charged with administering the classification amendment and K.S.A. 79-1439, the director's interpretation, being a reasonable one, is entitled to judicial deference.
Thus, unless and until the phrase "as long as such property is being used" is defined by the legislature or the judiciary to mean otherwise, we must defer to the director's interpretation: property that ceases to be used may no longer be considered as commercial and industrial machinery and equipment for property tax purposes but instead falls into the catch-all class and must be assessed at the rate of 30% of its fair market value.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm